Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered June 4, 2012. The order denied the motion of defendant for, inter alia, summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges negligence based upon the nonfeasance of defendant and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action on behalf of his son, who was injured while bicycling over a bridge located in the Town of Ovid (defendant), alleging various wrongful, negligent and careless acts and omissions of defendant. Specifically, plaintiff alleged in the bill of particulars, inter alia, that defendant failed to keep the bridge and road in a reasonably safe condition and that defendant created the “dangerous and/or unsafe condition.” Defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) and for summary judgment dismissing the complaint pursuant to CPLR 3212 on the respective grounds that plaintiff failed to plead and to prove that he provided to defendant prior written notice of a dangerous or defective condition on or near the bridge as required by Local Law No. 1. Plaintiff responded that he did not need to plead or provide prior written notice because it was plaintiff’s contention that defendant affirmatively created the dangerous condition. Supreme Court concluded that the lack of notice defense did not apply here and denied defendant’s motion in its entirety.
Prior written notice of a defective or unsafe condition of a road or bridge is a condition precedent to an action against a *1035 municipality that has enacted a prior notification law (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). Where the municipality establishes that it lacked prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of an exception to the rule, i.e., that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the municipality (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). The affirmative negligence exception is “limited to work by the [municipality] that immediately results in the existence of a dangerous condition” (Oboler v City of New York, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]). An omission on the part of the municipality “does not constitute affirmative negligence excusing noncompliance with the prior written notice requirement” (Agrusa v Town of Liberty, 291 AD2d 620, 621 [2002]; see Young v City of Buffalo, 1 AD3d 1041, 1043 [2003], lv denied 2 NY3d 707 [2004]).
We conclude that defendant met its initial burden of establishing as a matter of law that it did not receive prior written notice of any defective or dangerous condition on or near the bridge as required by Local Law No. 1 (see Hall v City of Syracuse, 275 AD2d 1022, 1023 [2000]). Viewing the evidence in the light most favorable to plaintiff, as we must (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]), we conclude, however, that plaintiff raised an issue of fact whether defendant created a dangerous condition that caused the accident (see Benty v First Methodist Church of Oakfield, 24 AD3d 1189, 1190 [2005]; Smith v City of Syracuse, 298 AD2d 842, 843 [2002]). We note that, insofar as plaintiffs complaint, as amplified by the bill of particulars, alleges negligence based upon defendant's nonfeasance, partial summary judgment should have been granted to defendant with respect to that claim because, absent prior written notice, a municipality cannot be held, liable for failing to repair, inspect or maintain its roads and bridges (see Price v Village of Phoenix, 222 AD2d 1079, 1080 [1995]). We therefore modify the order accordingly.
All concur except Centra, J.E, who dissents and votes to reverse the order in accordance with the following memorandum.